UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGOR VEDERNIKOV, on behalf of himself and all *others similarly situated*, | |
| Plaintiff, | Case No. 3:18-cv-17364 |
| v. | |
| MERCANTILE ADJUSTMENT BUREAU, LLC; and John Does 1-25, | |
| Defendant(s). | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant Mercantile Adjustment Bureau, LLC ("MAB"), and pursuant to FED. R. CIV. P. 12(b)(6), respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Plaintiff's Complaint.

i

# **<u>TABLE OF CONTENTS</u>**

Table of Authorities........................................................................................................iii

I.  Statement of the Case and Procedural History.......................................................1

II.  Statement of the Questions Involved......................................................................2

III.  Law and Argument..................................................................................................2

    A.  Standard of Review......................................................................................2

    B.  The Letter Complies With All Requirements of §1692g Where It Does Not Overshadow or Mislead the Consumer Regarding the Ability and Means by Which to Dispute the Underlying Debt..............................................................................3

    C.  In The Alternative, The Lawsuit Should Be Dismissed Because 15 U.S.C. § 1692g(a) Is Unconstitutionally Void For Vagueness……………………………..14

IV.  Conclusion............................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Anela v. AR Res., Inc.*, 2018 WL 2961813, at *3 (E.D. Pa. June 12, 2018)...................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)...........................................................3

*Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 166–67 (3d Cir. 2008) .................16

*Borozan v. Fin. Recovery Servs., Inc.*, 2018 WL 3085217 at *6 (D.N.J. June 22, 2018) *appeal filed* June 26, 2018 (unpublished) ............................................................................... 1, 7, 12

*Borucki v. Vision Fin. Corp.,* 2013 WL 2477067, at *4 (E.D. Wis. June 7, 2013) ........................8

*Broadrick v. Oklahoma*, 413 U.S. 601, 607 (1973) ....................................................................16

*Cadillo v. Stoneleigh Recovery Assocs., LLC*, 2017 WL 6550486, at *3 (D.N.J. Dec. 21, 2017) ..8

*Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) ....................................10

*Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298-99 (3d Cir. 2008)............5

*Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 151-152 (3d Cir. 2013) ... 10, 13, 14

*Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014)......................................10

*Cruz v. Fin. Recoveries,* 2016 WL 3545322, at *1 (D. N.J. 2016)...............................................7

*Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 121197 (E.D. Pa. 2018) .......................8

*Fed Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir.2007)............................5

*Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 2011) ....................................................passim

*Guzman v. HOVG, LLC*, 2018 WL 5631096 (E.D. Pa. Oct. 31, 2018) .......................................16

*Hernandez v. Mercantile Adjustment Bureau, LLC,* 2013 WL 6178594, at *2 (D.N.J. Nov. 22, 2013) (unpublished) ...........................................................................................................7

*Hillman v. NCO Fin. Sys., Inc.*, No. CIV.A. 13-2128, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013)..........................................................................................................................8

*Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.,* 292 F. Supp. 3d 629, 632 (E.D. Pa. 2017)...............................................................................................................................9

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013)....................10

*Humphreys v. Budget Rent a Car System Inc.*, 2017 WL 6497285, at *5 (E.D. Pa. Dec. 19, 2017) ...................................................................................................................................................7

*Jewsevskyj v. Fin. Recovery Servs., Inc.,* 2016 WL 6162728, at *7 (E.D. Pa. Oct. 20, 2016) *affirmed by Jewsevskyj v. Fin. Recovery Servs., Inc.*, 704 F. App'x 145 (3d Cir. 2017)............8

*Marks v. Struble*, 347 F.Supp.2d 136, 143 (D. N.J. 2004) ...........................................................3

*Max v. Gordon & Weinberg P.C.*, 2016 WL 475290, at *3 (D.N.J. 2016)....................................7

*McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir.2002)..........................................................5

*Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483 (4th Cir. 1991)................11

*Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992)............................................8

*Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972)................................................16

*Parker v. CMRE Fin. Servs., Inc.*, 2007 WL 3276322, at *3 (S.D. Cal. Nov. 5, 2007) ...............8

*Peter v. GC Servs. L.P.*, 310 F.3d 344, 349 (2d Cir.2002)...........................................................5

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)..............................................3

*Poplin v. Chase Receivables, Inc.*, Civil Action No. 18-404, Letter Order (D.N.J. September 26, 2018)...........................................................................................................................................8

*Riccio v. Sentry Credit, Inc.*, 2018 WL 638748 (D. N.J. 2018) (unpublished) .............................7

*Rodriguez v. Northland Group, LLC*, 2018 WL 6567705 at *5 (D.NJ. December 13, 2018) (unpublished) ....................................................................................................... 1, 7, 15, 17

*Rosa v. Encore Receivable Mgmt, 2016 WL 4472951*, at *1-3 (D. N.J. 2016) ............................7

*San Filippo v. Bongiovanni*, 961 F.2d 1125, 1135 (3d Cir. 1992) ..............................................16

*Schweizer v. Trans Union Corp.*, 136 F.3d 233, 238 (2d Cir.1998) ...............................................5

*Sebrow v. NCO Fin. Sys., Inc.*, 2009 WL 2707341, at *3 (E.D.N.Y. Aug. 27, 2009)...................8

*Swanson v. Southern Or. Creditor Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988) .........................11

*Velez v. Cont'l Serv. Grp.,* 2018 WL 1621625 at *6 (M.D. Pa. 2018) .............................7, 13, 14

*Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000) ...................................................passim

## Statutes

15 U.S.C. §§ 1692, *et seq.*............................................................................................passim

## Other Sources

If Definition, https://www.thesaurus.com/browse/if  (last visited December 5, 2018).........

# I.  STATEMENT OF THE CASE AND PROCEDURAL HISTORY

The issue in this case involves the effectiveness of a notice required under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. that every debt collector must send to every consumer within five days of the initial communication with that consumer in connection with the collection of any debt.  15 U.S.C. § 1692g(a).  As stated in the Complaint [Dkt. No. 1], MAB allegedly violated the FDCPA when MAB sent Plaintiff a letter that included, *inter alia*, the FDCPA statutorily required disclosure statements.  This case involves essentially the same issue that was recently decided in *Rodriguez v. Northland Group, LLC*, 2018 WL 6567705 at *5 (D.NJ. December 13, 2018) (unpublished) and *Borozan v. Fin. Recovery Servs., Inc.*, 2018 WL 3085217 at *6 (D.N.J. June 22, 2018) *appeal filed* June 26, 2018 (unpublished), wherein Judge Wolfson rejected the same arguments being made by Plaintiff here and found that validation language that tracks the statute effectively describes a consumer's dispute rights.

Plaintiff's claims against MAB for alleged violations of the FDCPA arise solely from a single communication, - specifically, a May 7, 2018 letter that MAB sent to Plaintiff with respect to a debt he owed to Bank of America, N.A.  *See* Complaint Exhibit A. [Dkt. No. 1-1] (the "Letter").  The contested language (which mirrors § 1692g(a)(3)-(5)) states as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this

office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

Plaintiff claims that the Letter fails to effectively communicate to the consumer their dispute rights and therefore, violates § 1692g and § 1692e, because the first sentence in the above language does not expressly state any dispute must be in writing to be effective. *Id.* at ¶ 33. Plaintiff further claims that by using the word "if" in the second sentence, the consumer would be confused as to how to dispute the debt because it implies that the written dispute requirement is voluntary or optional, and confuses the consumer as to the requirements for effectively disputing a debt. *Id.* at ¶ 35.

The Plaintiff is wrong. The Letter in this case provides a consumer with the statutorily required notices mandated by Congress to provide to the consumer in the initial collection letter. There is no mention in the Letter of the ability to orally dispute the debt, nor any language added to the Letter to imply an oral dispute if effective. Consequently, the Letter complies with all aspects of the FDCPA and Plaintiff's Complaint should be dismissed as a matter of law.

## II. STATEMENT OF QUESTIONS INVOLVED

Whether the Complaint fails to state a cause of action under the Fair Debt Collection Practices Act and therefore should be dismissed? (suggested answer in the affirmative)

## III. LAW AND ARGUMENT

### A. *Standard of Review*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must allege "'enough facts to state a claim for relief that is plausible on its face.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court should dismiss the complaint when there is an absence of law to support a claim or facts sufficient to make a valid claim, or if there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *See Marks v. Struble*, 347 F.Supp.2d 136, 143 (D. N.J. 2004).  In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider "the allegations in the complaint, exhibits attached to the complaint, and public records."  *Marks*, 347 F. Supp. 2d at 143.

### B.   *The Letter Complies With All Requirements of §1692g Where It Does Not Overshadow or Mislead the Consumer Regarding the Ability and Process by Which to Dispute the Underlying Debt*

Section 1692g of the FDCPA outlines the required written disclosures that a debt collector must provide within five (5) days of the initial communication. In particular, this section requires that such written notice include:

> (1) the amount of the debt;
>
> (2)  the name of the creditor to whom the debt is owed;
>
> (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt col-lector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

3

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted" by **other portions** of the communication. *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 2011); *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000) (emphasis added). To determine whether a communication is deceptive or contradicts the validation notice, the communication must be examined from the perspective of the least sophisticated consumer. *See Wilson*, 225 F.3d at 354. This standard has been described in detail by the Third Circuit and bars bizarre or idiosyncratic interpretations of letters:

> This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor. Id. at 455. Nevertheless, the least sophisticated standard safeguards bill collectors from liability for "bizarre or idiosyncratic interpretations of collection notices" by preserving at least a modicum of reasonableness, as well as "presuming a basic level of understanding and willingness to read with care [on the part of the recipient]." Id. at 221 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir.2000)).

> Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety. *Fed Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir.2007); see also, *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 238 (2d Cir.1998) (analyzing a debt collection letter as a whole under the least sophisticated debtor standard); *Peter v. GC Servs. L.P.*, 310 F.3d 344, 349 (2d Cir.2002) (same); *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir.2002) (same). Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to "insure that

4

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

*Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298-99 (3d Cir. 2008).

As an initial matter, a simple review of the Letter reveals no language present therein that could be construed as (1) an absolute demand for payment within a period of less than 30 days, (2) a threat of legal action, or (3) the imposition of other penalties within the validation period. Consequently, the only issue remaining is whether the language at issue overshadowed or created confusion regarding Plaintiff's ability and the process by which to dispute the underlying debt (verbal or in writing).

The language in MAB's Letter as a matter of law effectively conveyed the validation notice, designed by Congress, to the least sophisticated consumer. MAB's language is not only consistent with, but almost *identical* to the very language used by Congress in the statute itself. *See* Table A; 15 U.S.C. § 1692g(a)(3-5).

| TABLE A | | |
|---------|---|---|
| Section | MAB's Letter (Complaint Ex. A) | FDCPA Language 15 U.S.C. 1692(g)(a) |
| 1692g(a)(3) | Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. | A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. |
| 1692g(a)(4) | If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. | A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. |

5

| | | |
|---|---|---|
| 1692g(a)(5) | If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. | A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. |

The first sentence of the validation notice mirrors subsection g(a)(3), the second mirrors subsection g(a)(4), and the third sentence mirrors subsection g(a)(5) almost verbatim.  15 U.S.C. § 1692g(a)(3)-(5).  MAB utilized the very terminology derived verbatim from the statute in order to effectively convey the exact message Congress crafted.

Notices that track the statutory language, like MAB's, have been upheld as properly conveying the validation rights to the least sophisticated consumer in cases across the country—including in the Third Circuit, this District Court, and sister Districts.  See *Wilson*, 225 F.3d at 352; *Rodriguez*, 2018 WL 6567705 at *5; *Borozan*, 2018 WL 3085217 at *6; *Riccio v. Sentry Credit, Inc.*, 2018 WL 638748 (D. N.J. 2018) (unpublished); *Max v. Gordon & Weinberg P.C.*, 2016 WL 475290, at *3 (D.N.J. 2016); *Rosa v. Encore Receivable Mgmt*, *2016 WL 4472951*, at *1-3 (D. N.J. 2016); *Cruz v. Fin. Recoveries,* 2016 WL 3545322, at *1 (D. N.J. 2016); *Hernandez v. Mercantile Adjustment Bureau, LLC,* 2013 WL 6178594, at *2 (D.N.J. Nov. 22, 2013) (unpublished); *Anela v. AR Res., Inc.*, 2018 WL 2961813, at *3 (E.D. Pa. June 12, 2018); *Velez v. Cont'l Serv. Grp.,* 2018 WL 1621625 at *6 (M.D. Pa. 2018); *Humphreys v. Budget Rent a Car System Inc*., 2017 WL 6497285, at *5 (E.D. Pa. Dec. 19, 2017); *Jewsevskyj v. Fin. Recovery Servs., Inc.,* 2016 WL 6162728, at *7 (E.D. Pa. Oct. 20, 2016) *affirmed by Jewsevskyj v. Fin. Recovery Servs.,*

*Inc.*, 704 F. App'x 145 (3d Cir. 2017); *Hillman v. NCO Fin. Sys., Inc.*, No. CIV.A. 13-2128, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013);  *Parker v. CMRE Fin. Servs., Inc.*, 2007 WL 3276322, at *3 (S.D. Cal. Nov. 5, 2007); *Sebrow v. NCO Fin. Sys., Inc.*, 2009 WL 2707341, at *3 (E.D.N.Y. Aug. 27, 2009); *Borucki v. Vision Fin. Corp.,* 2013 WL 2477067, at *4 (E.D. Wis. June 7, 2013); *Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992)[1].  *See also* Table B comparing MAB's notice to the notice upheld by the Third Circuit in *Wilson*.

| Table B—Comparison of MAB's and *Wilson's* Validation Notices | |
|---|---|
| MAB's Language | *Wilson*, 225 F.3d at 352. |
| Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. | Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. |

---

[1] *Compare Cadillo v. Stoneleigh Recovery Assocs., LLC*, 2017 WL 6550486, at *3 (D.N.J. Dec. 21, 2017) ("The use of the word 'if' could arguably confuse the least sophisticated consumer as to whether a written response was required"); *Poplin v. Chase Receivables, Inc.*, Civil Action No. 18-404, Letter Order (D.N.J. September 26, 2018) (same); *Guzman v. HOVG, LLC,* 2018 WL 5631096, at *5 (E.D. Pa. Oct. 31, 2018) (finding similar validation language "can be reasonably read to have two or more different meanings, one of which is inaccurate,"); *Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 121197 (E.D. Pa. 2018) (same);  and *Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.,* 292 F. Supp. 3d 629, 632 (E.D. Pa. 2017) (holding the language "unless we <u>*hear*</u> from you" to violate § 1692g as it suggested that the dispute may be made orally).

7

The Third Circuit in *Graziano* evaluated Congress's validation notice—specifically Congress's omission of the words "in writing" in subsection g(a)(3) compared to the inclusion of the words "in writing" in subsection g(a)(4) and g(a)(5).  *Graziano*, 950 F.2d at 112.  In so doing, the Third Circuit concluded that a dispute under subsection g(a)(3), "to be effective must be in writing."  *Id*.  Therefore, *Graziano* found adding the words "in writing" to the g(a)(3) notice—even though those words are not present in section 1692g(a)(3)—did not violate the FDCPA.  *Id.*  The Third Circuit did not suggest that debt collectors must add the words "in writing" to the subsection (a)(3) notice to be effective;[2] nor did the Court find any other language Congress drafted in the notice to be problematic.  *Id.*  In fact, the Third Circuit in later cases found no fault with validation notices that did not add the words "in writing" to the section g(a)(3) notice and that otherwise tracked the statutory language like MAB's notice.  *See Wilson,* 225 F.3d at 361; *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 151-152 (3d Cir. 2013) (finding fault with the notice appearing on the reverse and the inconsistent language on the letter's front).

---

[2] If MAB is incorrect and *Graziano* requires the addition of the words in-writing to the subsection (a)(3) notice, it faces a difference of opinion with other circuits.  The Ninth Circuit, for example, has held "the plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent." *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).  The Fourth Circuit, declining to read words into the statutory text that "are not there," held § 1692g(a)(3) "plainly" does not require written communication. *Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014). Similarly, the Second Circuit declined "to substitute a view different from that expressed by Congress in the legislative enactment" in holding § 1692g(a)(3) does not impose a writing requirement.  *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).

*Wilson*, like *Graziano*, did *not* hold that the providing the statutory validation language was itself insufficient to convey to the consumer their dispute rights. Rather, the Third Circuit made clear in *Wilson* that including the statutory debt validation notice in the letter will not automatically save otherwise objectionable content in a letter; the entire collection letter must be read as a whole. *Wilson*, 225 F.3d at 354. The Third Circuit wrote, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter–the required notice must also be conveyed effectively to the debtor." *Id.* In making this statement, the Third Circuit cited to cases where courts found the inclusion of bold typed, sometimes red colored contradictory language in larger capitalized font to overshadow an otherwise valid notice that mirrored the statutory language. *Id* (*citing See Swanson v. Southern Or. Creditor Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (holding this language overshadowed the smaller font validation notice that followed: "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM. A GOOD CREDIT RATING - IS YOUR MOST VALUABLE ASSET."); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483 (4th Cir. 1991) (holding the smaller font validation notice that appeared on the back of the collection letter to be overshadowed by the bold capitalized sometimes red font language on the front stating: "THIS IS A DEMAND FOR IMMEDIATE FULL PAYMENT OF YOUR DEBT. YOUR SERIOUSLY PAST DUE ACCOUNT HAS BEEN GIVEN TO US FOR IMMEDIATE ACTION. YOU HAVE HAD AMPLE TIME TO PAY YOUR DEBT, BUT YOU HAVE

NOT. IF THERE IS A VALID REASON, PHONE US AT [telephone number] TODAY. IF NOT, PAY US -- NOW.").

MAB's letter, by contrast, did not include any bolded type, capitalized or different colored font demanding a payment or other action inconsistent with the validation language.  Complaint, Ex. A.  MAB's letter was all in the same font size and color.  *Id*. The validation notice copied the language from the statute and precedent.  *Id*.

Plaintiff takes issue with the first sentence of the validation notice provided by MAB, claiming that statutory required language is insufficient to advise the consumer that they must dispute the validity of the debt in writing.  *See* Complaint at ¶33.  The first sentence in MAB's validation notice is the exact same first sentence analyzed in *Borozan,* both of which parrot §1692g(a)(3):

| MAB letter | *Borozan letter* | § 1692g(a) (3) |
|---|---|---|
| Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. | Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. | [U]nless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector |

*Compare* Complaint, Exhibit A [Dkt. 1-1]; *Borozan*, 2018 WL 3085217, at *1; 15 U.S.C. § 1692g(a) (3).

As confirmed by Judge Wolfson in *Borozan*, Plaintiff's allegation that MAB's validation notice is insufficient to comply with § 1692g is without merit because it contains the statutory required validation language and there is no other language in the Letter that

mentions or infers an alternate means by which to dispute the underlying debt. *Borozan,*

*2018 WL 3085217*, at *6. In rejecting the plaintiff's argument, Judge Wolfson found,

> By using the word "unless," the first sentence of the FRS validation notice
> informs the consumer the consequences if he or she fails to dispute the debt.
> Then, the second sentence provides instructions on how to dispute the debt
> and the effect of disputing a debt. Specifically, the letter states "if you notify
> this office in writing..." Indeed, the FRS letter uses language that closely
> tracks the statutory language provided in § 1692g(a), without providing
> confusing, alternative ways to dispute the debt that would contradict the
> validation notice.

*Id.*

The Honorable Richard P. Conaboy in the Middle District of Pennsylvania came to

the same conclusion in *Velez*:

> In sum, the Court cannot agree with the restrictive construction of what
> constitutes an acceptable § 1692 (a)(3) notice urged by Plaintiff. We find, as
> did the Third Circuit in Wilson and Caprio, that the validation notice
> presented in this case is facially acceptable and, without evidence of
> overshadowing or contradiction by other language in a collection letter that
> would confuse a consumer as to his right to dispute the validity of a debt, is
> adequate to comply with the statute. Since Plaintiff does not direct our
> attention to language that contradicts or overshadows the validation notice
> here, Defendant's argument on this point must prevail.

*Velez,* 2018 WL 1621625 at *6.

In coming to this conclusion, Judge Conaboy correctly pointed out that the Third

Circuit's repeated reasoning in *Graziano*, *Wilson*, and *Caprio* stand for the proposition that

the FDCPA prohibits <u>other</u> language that contradicts or overshadows the validation notice.

These cases do *not* stand for the proposition that (1) the use of the statutory text, in and of

itself, can somehow cause confusion or overshadowing; (2) the statutory notice is

invalidated by the in-writing requirement to dispute a debt found to exist by implication by

11

the Third Circuit; or (3) that some disclosure beyond what the statute dictates is required

to advise the consumer of the in writing requirement:

> Thus, *Graziano* stands for the proposition that an otherwise proper validation notice can be rendered invalid by contradictory language that appears elsewhere in a collection letter. This is a concept that subsequent Third Circuit decisions have denominated "overshadowing".

> Plaintiff seizes upon other language in *Graziano* which he interprets to create a judicial fiat that every validation notice must include the words "in writing". That language states: "... § 1692g (a)(3), like subsections (a)(4) and (a) (5), contemplates that any dispute, to be effective, must be in writing." *Graziano* at 112. However, a close reading of *Graziano* persuades this Court that it does not stand for the broad principle Plaintiff champions. The discussion of a writing requirement for § 1692g (a)(3) notices occurred in the context of considering whether such a requirement necessarily invalidated the specific notice at issue. The Third Circuit concluded only that "the requirement of a writing did not render the statutory notice invalid." *Id*. This is a far cry from requiring that all § 1692g (a)(3) notices must include the words "in writing". Third Circuit decisions that postdate *Graziano* confirm this conclusion.
>
> ...
>
> As in *Graziano*, the *Wilson* court was focused on the pivotal issue whether other language in the collection letter "overshadowed or contradicted" the message of the validation notice. *Wilson*, supra, at 359-60. Because no such contradictory language was present in the *Wilson* case, the Third Circuit held "that neither the form nor the substance of Quadramed's letter overshadowed or contradicted the validation notice." (emphasis added).
>
> ...
>
> Thus, while *Caprio* ultimately remanded the case to the district court, it did not do so on the basis that the collection letter was deficient because it did not comport with the statute, but because the "required validation notice" was "overshadowed and contradicted" by other language that would likely confuse the unsophisticated debtor.

*Velez*, 2018 WL 1621625, at *5–6.

Plaintiff also challenges the second sentence of MAB's validation notice by alleging

that the use of the word "if" implies that the writing requirement to dispute a debt is

optional.  Complaint, ¶ 35.  But nothing about the use of the word "if" in § 1692g(a)(4) and

(a)(5) suggests to the reader that a dispute could be made orally.  The "if" introduces a conditional clause, it signals a condition—"if" the consumer notifies the office in writing of a dispute, then the office will obtain and mail the consumer verification.  Thesaurus.com provides several synonyms for "if" such as "with the condition that," "provided that."[3] Replacing "if" with any of these synonyms makes clear the definition and function of the word if: provided that "you notify this office in writing. . . this office will obtain verification."  Complaint, Ex. A.  No other words or phrases in the validation language suggest that a consumer could dispute orally.

Moreover, Judge Wolfson recently rejected this same "if" argument in *Rodriguez*. In addition to finding that the use of the word "if" in the validation notice is *not* confusing to consumers, the Court also recognized the fundamental unfairness that would result in holding debt collectors statutorily liable who reasonably relied on the same statute when drafting their validation notices:

> I do not find that by using the word "if" in the validation notice here, a consumer would be confused as to how to dispute the debt. Furthermore, it cannot be overstated that the language used in the validation notice tracks closely the statutory language contained in § 1692g(a)(3)-(5). Indeed, in drafting its notice, Defendant presumably relied on the plain language of the statute and mirrored such language in its debt collection letters. As a matter of fairness, Defendant should not be subjected to statutory liability in this context when it reasonably relied on the very statute to craft the notice at issue.

*Id.* at *5.

---

[3] If Definition, https://www.thesaurus.com/browse/if  (last visited January 8, 2019).

13

MAB's language mirrors both the statutory language as well as the validation language upheld by other district courts and the Third Circuit—all using the word "if" in providing the validation notice—therefore, this Court should dismiss the Complaint as a matter of law.

### C.  In The Alternative, Summary Judgment Should Be Granted As 15 U.S.C. § 1692g(a) Is Unconstitutionally Void For Vagueness

A statute is unconstitutionally vague when, "men of common intelligence must necessarily guess at its meaning." *Broadrick v. Oklahoma*, 413 U.S. 601, 607 (1973).  As stated by the Third Circuit, "[i]n a void-for-vagueness challenge, we must ensure that a statute or standard is fair in that it is not so vague that a party would not know what conduct is prohibited." *Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 166–67 (3d Cir. 2008).   Vague laws do not give individuals fair notice of the conduct proscribed.  *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972).  The void for vagueness doctrine arose as an aspect of the 14th Amendment due process context of criminal statutes because it was unfair to punish persons for conduct which they had no notice could subject then to criminal punishment and has been extended to civil cases.  *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1135 (3d Cir. 1992).

As discussed in footnote 2 above, there is a split in the circuit courts regarding whether § 1692g(a) requires a dispute to be in writing to be effective.  Judge Beetlestone in the Eastern District of Pennsylvania in *Guzman v. HOVG, LLC*, 2018 WL 5631096 (E.D. Pa. Oct. 31, 2018) questioned how consumers could figure out how to interpret § 1692g(a)(3) if the appellate courts are divided as to its meaning:

The fact that there is a circuit split on how Section 1692g(a)(3) should be read—that is, whether that subsection requires a dispute be in writing—is good evidence that the notice here, which mirrors Section 1692g(a)(3)-(5), is open to more than one reasonable interpretation. If the federal appellate courts have divided on the best reading, then surely the least sophisticated debtor would be similarly confused.

*Id.* at *5.

The same could be said for debt collectors-that is how is MAB supposed to figure out how to give the required disclosures § 1692g(a) if the appellate courts are divided on whether § 1692g(a)(3) requires a dispute to be in writing to be effective or not?  It is fundamentally unfair to hold MAB legally responsible for violating the FDCPA if the appellate courts, the consumers, and debt collectors alike are unable to determine what Congress required debt collectors to send consumers to comply with when drafting § 1692g(a).  *See Rodriguez*, 2018 WL 6567705 at *5 ("As a matter of fairness, Defendant should not be subjected to statutory liability in this context when it reasonably relied on the very statute to craft the notice at issue.")  Surely, Congress did not intend to have debt collectors guess on whether to tell the consumer their dispute must be in writing.  Nor is requiring debt collectors to guess to avoid punishment constitutional.  Moreover, it is absurd to think that Congress intended debt collectors to send different versions of the validation notice depending on what circuit the consumer resides in.

In the event this Court finds that mirroring the statutory validation language of § 1692g(a) is insufficient to convey to consumers their dispute rights, this Court should nonetheless dismiss the complaint as a matter of law under the void-for-vagueness doctrine.

## IV.  CONCLUSION

15

Plaintiff fails to state a claim against MAB upon which relief may be granted.  The Court should dismiss his Complaint.


Dated: January 9, 2019                Respectfully submitted,

                                      /s/ Andrew J. Blady
                                      Andrew J. Blady, *Esq*.
                                      SESSIONS, FISHMAN, NATHAN & ISRAEL
                                      3682 Green Ridge Road
                                      Furlong, Pennsylvania 18925
                                      Telephone: (267) 544-0840
                                      Facsimile: (267) 935-7382
                                      Email:  ablady@sessions.legal


## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 9, 2019, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      /s/ *Andrew J. Blady*
                                      Andrew J. Blady