UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGOR VEDERNIKOV, on behalf of himself and all *others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC; and John Does 1-25,<br><br>　　　　　　　Defendant(s). | Case No. 3:18-cv-17364 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

　　　Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), through undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), respectfully submits this Reply Brief in support of its Motion to Dismiss the Plaintiff's Complaint.

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………...……………………………….. iii

I. INTRODUCTION………………………….…..…………………………..…... 1

II. LAW AND ARGUMENT……………………….…..…………………………… 2

    A.   No Third Circuit Opinion Has Ever Found That the Prescribed Statutory Language Under § 1692g(a)(3)-(5) of the FDCPA is Insufficient to Convey to Consumers Their Rights to Dispute the Debt.………………...……........................………. 2

    B.   The Eastern District of Pennsylvania Cases *Henry* and *Durnell* Plaintiff Relies On Were Recently Rejected in this District.................................................................5

III. CONCLUSION……………………………………………………………….......…..6

TABLE OF AUTHORITIES

Cases

*Borozan v. Fin. Recovery Servs., Inc.*, 2018 WL 3085217 (D.N.J. June 22, 2018) ........................ 7

*Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 121197 (2019) ............................... ii, 5, 6

*Graziano v. Harrison*, 950 F.2d 107, 112 (3d. Cir. 1991) ..................................................... 2, 3, 4

*Henry v. Radius Global Solutions, LLC*, 2019 WL 266316 (2019) ......................................... ii, 5, 6

*Portela v. Diversified Consultants, Inc.*, 2019 WL 449198 (D.NJ February 5, 2019) ........... 2, 5, 6

*Reynolds v. Encore Receivable Mgmt. Inc.*, No. 17-2207, 2018 WL 2278105, at *1, 4 (D.N.J. May 18, 2018) ............................................................................................................... 6

*Rodriguez v. Northland Group, LLC*, 2018 WL 6567705, at *5 (D.NJ. December 13, 2018) (unpublished) ............................................................................................................... 2, 6

*Velez v. Cont'l Serv. Grp., Inc.*, 2018 WL 1621625, at *5–6 (M.D. Pa. Apr. 4, 2018) ............... 4, 7

*Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000) .......................................................... 5

Statutes

15 U.S.C. §§ 1692, *et seq.* ................................................................................................. passim

## I.  INTRODUCTION

In opposing MAB's motion, Plaintiff boldly advocates that (1) the validation notice disclosures used by MAB that match the prescribed statutory language under 15 U.S.C.§ 1692g(a)(3)-(5) of the Fair Debt Collection Practices Act (FDCPA) are insufficient to convey to consumers their rights to dispute the debt; and (2) the statutory text, which uses the word "if" and was parroted by MAB from the statutory text, confuses the consumer about her dispute rights.  Plaintiff is wrong.

Plaintiff's argument boils down to this: although Congress crafted the language that debt collectors are required to include in their initial letters, if a debt collector sends the exact language that Congress has required, and includes nothing else that contradicts this language, the debt collector nonetheless should suffer penalties and class action liability for somehow deceiving the consumer.  Plaintiff's argument, said another way to illustrate the absurdity of the arguments being made in this case, is that using the language that Congress has prescribed and nothing more confuses the consumer so that the debt collector is tasked with providing a further explanation of what Congress meant to say.

Moreover, Plaintiff's argument is that consumers who live in Pennsylvania, New Jersey, Delaware, and the Virgin Islands should get a different explanation of their dispute rights than what consumers in every other state are receiving and different than the language that Congress has mandated.

Perhaps Judge Wolfson in the District of New Jersey recently summed it up best when viewing and rejecting these same arguments, "[i]ndeed, in drafting its notice,

Defendant presumably relied on the plain language of the statute and mirrored such language in its debt collection letters. As a matter of fairness, Defendant should not be subjected to statutory liability in this context when it reasonably relied on the very statute to craft the notice at issue." *Rodriguez v. Northland Group, LLC*, 2018 WL 6567705, at *5 (D.NJ. December 13, 2018) (unpublished). Plaintiff's argument in this case was also most recently rejected by Judge Vasquez in *Portela v. Diversified Consultants, Inc.,* 2019 WL 449198 (D.NJ February 5, 2019) (unpublished) (finding that mirroring the statutory validation language was sufficient to comply with the FDCPA).

In making his arguments, Plaintiff misreads Third Circuit precedent. Specifically, Plaintiff champions the case of *Graziano v. Harrison*, 950 F.2d 107, 112 (3d. Cir. 1991) in support of her position that the Third Circuit has required debt collectors to use the phrase "in writing" in its validation notice pursuant to § 1692g(a)(3). See Plaintiff's Brief, p. 1, (ECF #10). As discussed below, the Third Circuit has <u>never</u> taken the position in *Graziano* or any other case that Plaintiff advances here - namely, that the use of the statutory language is itself insufficient to convey to the consumer their validation rights under the FDCPA.

Since MAB's initial letter (the "Letter") sets forth the statutorily required validation notice and contains no other language which overshadows or misleads Plaintiff concerning her rights to dispute the debt, the Letter complies with the FDCPA's requirements and Plaintiff's Complaint should be dismissed as a matter of law.

## II. LAW AND ARGUMENT

**A.     No Third Circuit Opinion Has Ever Found That the Prescribed Statutory Language Under § 1692g(a)(3)-(5) of the FDCPA is Insufficient to Convey to Consumers Their Rights to Dispute the Debt**

Plaintiff takes the position in her brief that MAB's validation notice, again which mirrors § 1692g(a)(3)-(5), is insufficient to advise consumers of their dispute rights under Third Circuit law.  To be clear, while both parties cite to a split in the district courts within the Third Circuit reviewing the issue presented in this case, there is **no** Third Circuit case that has ever held that mirroring the statutory prescribed language was in and of itself insufficient to convey to consumers their dispute rights.  None.  Zero.

MAB agrees with Plaintiff that in *Graziano v. Harrison*, 950 F.2d 107, 112 (3d. Cir. 1991), the Third Circuit held (unlike virtually every other circuit court that has addressed the issue) that a dispute from the consumer must be in writing to be effective.  In *Graziano,* the Court also found that the "in writing" dispute language the collector *added* to its letter did not invalidate the statutory notice.  *Id.*

Despite the pages of ink Plaintiff dedicates to the case in his brief, this is as far as *Graziano* goes.  There is no holding in *Graziano* that finds the statutory language itself is insufficient to satisfy the debt collector's initial notice requirements set forth in §1692g. There is no holding that debt collectors are now required to add an "in writing" phrase to comply with § 1692g(a)(3).  There no holding that the word "if" in the validation language prescribed by Congress is confusing or misleading to consumers.  Simply stated, there is no finding in *Graziano*, as the Plaintiff advocates here, that MAB must supply language in its letter that goes beyond the language that Congress crafted.  *See Velez v. Cont'l Serv. Grp., Inc.*, 2018 WL 1621625, at *5–6 (M.D. Pa. Apr. 4, 2018) ("However, a close reading of *Graziano* persuades this Court that it does not stand for the broad principle Plaintiff

3

champions. The discussion of a writing requirement for § 1692g (a)(3) notices occurred in the context of considering whether such a requirement necessarily invalidated the specific notice at issue. The Third Circuit concluded only that 'the requirement of a writing did not render the statutory notice invalid.' This is a far cry from requiring that all § 1692g (a)(3) notices must include the words 'in writing.'") (internal citations omitted).

Plaintiff's representation to this Court that the, "failure to include 'in writing' in the first sentence of its G-Notice is a per se violation of §1692g(a)(3) under *Graziano*" is completely wrong and a total misreading of what the Third Circuit held in that case. Plaintiff's Brief, p. 11. Besides the *Graziano* case (that she gets wrong), Plaintiff fails to cite to any other Third Circuit case to support her broad sweeping argument that debt collectors may not rely on the language that Congress has mandated that they put in their letters to effectively convey dispute rights to consumers. While there is certainly a split among the District Court judges in this circuit on the merits of similar claims as raised here, and there are circumstances where *other* language was added by a debt collector to the statutory prescribed language that resulted in the overshadowing of the validation rights (*See, for example, Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000)), there is no support from any Third Circuit case for what Plaintiff advocates here. Specifically, there is no extraneous language that MAB added to the letter that Plaintiff takes issue with as somehow causing the validation notice to be overshadowed, confused or contradicted. Instead, Plaintiff's sole beef is that the statutory language itself is confusing and deceptive. Contrary to Plaintiff's argument, the Third Circuit has never reached such a remarkable result.

4

**B.    The Eastern District of Pennsylvania Cases *Henry* and *Durnell* Plaintiff relies on Were Recently Rejected in this District.**

On February 5, 2019 (after the submission of MAB's Motion to Dismiss), Judge Vazquez issued his decision in *Portela v. Diversified Consultants, Inc.,* 2019 WL 449198 (D.NJ) (unpublished) and found that the statutory validation language was indeed sufficient to supply consumers with their validation rights and expressly disagreed with the Eastern District of Pennsylvania cases of *Henry v. Radius Global Solutions, LLC*, 2019 WL 266316 (2019) and *Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 121197 (2019) two cases that Plaintiff relies upon in her brief.

In *Portela*, Defendant sought a motion for judgment on the pleadings regarding the validation language it used in its initial letter to the consumer, which mirrored the statutory language of §1692g, as in the present case. The *Portela* Court agreed, "that the Debt Collection Letter contains the required validation notice." *Portela*, 2019 WL 449198, at *6. In doing so, the Court recognized the overwhelming number of courts within this district that find that mirroring the statutory validation language complies with the FDCPA and disagreed with *Henry* and *Durnell*:

> Moreover, the Court respectfully disagrees with the supplemental cases that Plaintiff provided in support of its opposition. In both *Henry v. Radius Global Solutions, LLC* and *Durnell v. Stoneleigh Recovery Associates, LLC*, the courts concluded that validation notices similar to the validation notice at issue here did not adequately inform the plaintiff that a dispute must be in writing. *Henry v. Radius Glob. Sols., LLC*, No. 18-4945, 2019 WL 266316, at *4 (E.D. Pa. Jan. 18, 2019); *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. 18-2335, 2019 WL 121197, at *1 (E.D. Pa. Jan. 7, 2019). Numerous courts within this

5

> District, including this Court, however, have determined that similar language complies with Section 1692g(a). The Court finds these cases more compelling. See, e.g., *Reynolds v. Encore Receivable Mgmt. Inc.*, No. 17-2207, 2018 WL 2278105, at *1, 4 (D.N.J. May 18, 2018).
>
> Consequently, for the reasons discussed, the Court concludes that the Debt Collection Letter contains the required validation notice under Section 1692g(a) and does not violate Section 1692g(a) in substance or form because nothing in the Debt Collection Letter overshadows or contradicts the validation notice.

*Id*.

MAB respectfully submits that for the reasons set forth in MAB's initial brief to this Court in support of its Motion to Dismiss, that *Portela; Rodriguez v. Northland Group, LLC*, 2018 WL 6567705 (D.NJ. December 13, 2018) (unpublished); *Borozan v. Fin. Recovery Servs., Inc.*, 2018 WL 3085217 (D.N.J. June 22, 2018); and *Velez* are well reasoned opinions that should be followed here.

## II. CONCLUSION

Plaintiff fails to state a claim against MAB upon which relief may be granted. The Court should dismiss his Complaint.

Dated: February 11, 2019        Respectfully submitted,

/s/ Andrew J. Blady
Andrew J. Blady, *Esq*.
SESSIONS, FISHMAN, NATHAN & ISRAEL
3682 Green Ridge Road
Furlong, Pennsylvania 18925
Telephone: (267) 544-0840
Facsimile: (267) 935-7382
Email: ablady@sessions.legal

6

## **CERTIFICATE OF SERVICE**

I certify that on February 11, 2019, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Andrew J. Blady*
Andrew J. Blady