NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGOR VEDERNIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU LLC,<br><br>Defendant. | Civ. No. 18-17364<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Mercantile Adjustment Bureau LLC. (ECF No. 4.) Plaintiff Igor Vedernikov opposes. (ECF No. 10.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is denied.

## **BACKGROUND**

Plaintiff represents a putative class of individuals in New Jersey to whom Defendant sent initial collection letters attempting to collect various consumer debts. (Compl. ¶¶ 11–12, ECF No. 1.) In May 2018, Defendant sent Plaintiff a letter that read in part:

> If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Calls to or from this company may be monitored or recorded.

1

> This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

(*Id.* ¶ 27; Compl. Ex. A, ECF No. 1-1.) Plaintiff alleges that this communication failed to inform him that he must dispute the debt *in writing*. (Compl. ¶¶ 33–38.) The Complaint alleges violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e, 1692g.[1] (Compl. ¶¶ 42–51.)

Defendant filed this Motion to Dismiss on January 9, 2019. (ECF No. 4.) After obtaining an automatic extension of time under Local Civil Rule 7.1(d)(5) (ECF No. 8; ECF entry dated 01/14/2019), Plaintiff opposed the Motion on February 4, 2019 (ECF No. 10). Defendant replied on February 11, 2019. (ECF No. 12.) Because the Motion to Dismiss argues in part that § 1692g(a) is unconstitutionally vague, the Attorney General of the United States was provided sixty days to intervene in the case. (ECF No. 7; *see* 28 U.S.C. § 2403(a); Fed. R. Civ. P. 5.1 (providing procedure for constitutional challenges to statutes).) The Attorney General was subsequently granted a sixty-day extension. (ECF No. 15.) On April 10, 2019, a representative of the Attorney General wrote a letter explaining that the Attorney General would not intervene. (ECF No. 16.) The letter also suggested that the Court delay ruling on the Motion until the Third Circuit resolves the legal issue presented therein (*id.* at 2–3), but the parties disagreed with this suggestion and requested that the Court rule expeditiously (ECF No. 18–19). The Motion is presently before the Court.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

---

[1] The Complaint cites to § 1692e *et seq.* and § 1692g *et seq.* and states violations of "various provisions of the FDCPA, including but not limited to" these sections. (Compl. ¶¶ 43, 48.) The Court interprets the Complaint as alleging only violations of the two enumerated sections.

sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## **DISCUSSION**

Defendant, a debt collector, sent Plaintiff, a consumer (*i.e.*, a supposed debtor) a letter stating, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (Compl. Ex. A.) But the notice did not specify that Plaintiff was required to dispute the debt *in writing*. Did this violate the FDCPA? Plaintiff argues that it did; Defendant argues that it did not and, in the alternative, that if it did violate the FDCPA then the FDCPA is unconstitutionally vague. The

3

Third Circuit has not squarely addressed this issue, and this District[2] and other districts in this Circuit[3] have ruled both ways. The Court finds the reasoning supporting Plaintiff to be more persuasive and will therefore deny Defendant's Motion to Dismiss.

I.      **The Complaint States a Claim for Violation of 15 U.S.C. §§ 1692e, 1692g**

15 U.S.C. § 1692g(a) requires that a debt collector send to the consumer a written notice commonly called a "validation notice." *See, e.g.*, *Wilson v. Quadramed Corp.*, 225 F.3d 350, 351 (3d Cir. 2000) (using the term). The validation notice must include:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

---

[2] Some cases have found that the notice must specify that disputes must be in writing. *Cadillo v. Stoneleigh Recovery Assocs.*, 2019 WL 1091391, at *5 (D.N.J. Mar. 8, 2019); *Poplin v. Chase Receivables, Inc.*, Civ. No. 18-404, Letter Order at 6, ECF No. 19 (D.N.J. Sept. 26, 2018).

Other cases have found that the notice need not so specify. *Portela v. Diversified Consultants, Inc.*, 2019 WL 449198, at *6 (D.N.J. Feb. 5, 2019); *Rodriguez v. Northland Grp., LLC*, 2018 WL 6567705, at *5–6 (D.N.J. Dec. 13, 2018); *Ferrulli v. BCA Fin. Servs., Inc.*, 2018 WL 4693968, at *3–4 (D.N.J. Sept. 28, 2018); *Borozan v. Fin. Recovery Servs., Inc.*, 2018 WL 3085217, at *6 (D.N.J. June 22, 2018); *Riccio v. Sentry Credit, Inc.*, 2018 WL 638748, at *5 (D.N.J. Jan. 31, 2018); *Rosa v. Encore Receivable Mgmt., Inc.*, 2016 WL 4472951, at *3 (D.N.J. Aug. 23, 2016); *Cruz v. Fin. Recoveries*, 2016 WL 3545322, at *3–4 (D.N.J. June 28, 2016); *Max v. Gordon & Weinberg P.C.*, 2016 WL 475290, at *3–4 (D.N.J. Feb. 8, 2016); *Hernandez v. Mercantile Adjustment Bureau, LLC*, 2013 WL 6178594, at *2–3 (D.N.J. Nov. 22, 2013).

[3] Again, some cases have found that the notice must specify that disputes must be in writing. *Henry v. Radius Glob. Solutions, LLC*, 357 F. Supp. 3d 446, 458 (E.D. Pa. 2019); *Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 121197, at *4 (E.D. Pa. Jan. 7, 2019); *Guzman v. HOVG, LLC*, 340 F. Supp. 3d 526, 531–32 (E.D. Pa. 2018); *Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, 292 F. Supp. 3d 629, 632-33 (E.D. Pa. 2017).

Other cases have found the opposite. *Velez v. Cont'l Serv. Grp.*, 2018 WL 1621625, at *6 (M.D. Pa. Apr. 4, 2018); *Hillman v. NCO Fin. Sys., Inc.*, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013).

To the best of the Court's knowledge, only *Henry* has addressed the constitutional question in this Circuit, finding that the FDCPA is not void for vagueness. 357 F. Supp. 3d at 459–60.

> consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a). The text of Subsection (a)(3), read literally, requires notice only that the debt will be assumed valid unless the consumer "disputes the validity of the debt" within thirty days, and does not appear to require notice that the dispute must be in writing. However, reading § 1692(a) as a whole, the Third Circuit has determined that "any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

"[I]n order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson*, 225 F.3d at 354 (internal citation omitted). In determining whether a validation notice has been conveyed effectively, courts adopt "the perspective of the 'least sophisticated debtor.'" *Id.* (quoting *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)). The least sophisticated debtor standard is a lower standard than reasonableness; it is designed to "protect[] all consumers, the gullible as well as the shrewd," and thus places a higher burden on debt collectors. *Id.* (internal citations omitted). Though the least sophisticated debtor standard does not countenance "bizarre[,] idiosyncratic[,] unrealistic[, or] fanciful interpretations" of validation notices, *Campuzano-Burgos v. Midland Credit Management., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (internal citations omitted), it prohibits "overshadowing or contradictory [language that] would make the least sophisticated consumer uncertain as to her rights." *Wilson*, 225 F.3d at 354 (internal citation omitted). "[A] collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* (internal citation and quotations omitted).

5

The validation notice in this case violates § 1692g(a) because it does not effectively convey a consumer's rights. The validation notice stated that Plaintiff had thirty days to "dispute the validity of this debt or any portion thereof." (Compl. Ex. A.) A reasonable debtor—let alone the least sophisticated debtor—could understand this statement to mean that he could dispute the debt over the telephone, when in reality his only option is to dispute the debt in writing. *See Graziano*, 950 F.2d at 112. The validation notice therefore "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Wilson*, 225 F.3d at 354 (internal citation omitted).

It is true that the validation notice closely tracks the statutory language of § 1692g(a). Unfortunately for Defendant, however, the statutory language is subject to conflicting interpretations. *Compare Graziano*, 950 F.2d at 112 (holding that the statute requires disputes to be in writing), *with Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 285–86 (2d Cir. 2013) (noting a circuit split on the issue and finding that the statute does not require disputes to be in writing). A validation notice that copies the statutory language, therefore, will likewise be subject to conflicting interpretations and will fail to apprise the least sophisticated debtor of her rights. *Homer*, 292 F. Supp. 3d at 633 ("If courts reading the statutory language interpret it differently, how could the least sophisticated debtor not[?]").[4]

## II.   § 1692g(a) is not Unconstitutionally Vague

The previous Section explained that § 1692g(a) requires debt collectors to inform consumers that disputes must be in writing, even though such a requirement is not clear on the

---

[4] The Complaint also alleges violation of § 1692e, which prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt." When a § 1692g violation is found, a § 1692e violation usually follows as a matter of course. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 155 (3d Cir. 2013). The Court therefore addresses only § 1692g here.

6

face of the statute. Nevertheless, the statute is not void for vagueness.

The void-for-vagueness doctrine requires that statutes provide "fair warning" of what conduct is prohibited. *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1135 (3d Cir. 1992) (citing *Colten v. Kentucky*, 407 U.S. 104, 110 (1972)); *cf. United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32–33 (1963) ("[C]riminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." (citing *United States v. Harriss*, 347 U.S. 612, 617 (1954))). The doctrine also prohibits arbitrary or discriminatory enforcement of the law. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972)).

In the context of civil statutes applied against businesses, vagueness must be more profound to be unconstitutional:

> [E]conomic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action. Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process. The [Supreme] Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe.

*Id.* at 498–99 (internal citations omitted). Simply put, businesses can more easily discover the precise contours of a statute, reducing the concern of vagueness. *McGowan v. Maryland*, 366 U.S. 420, 428 (1961).

Here, Defendant had fair warning that § 1692g(a) requires it to inform consumers that they must dispute debts in writing. Defendant is a business operating in the particular industry of debt collection; as such it should be aware of the FDCPA—a statute specifically regulating that industry—and the case law interpreting it. Defendant could have reasonably anticipated that §

7

1692g(a) would be applied in the way that the Court applies it today, given that this Opinion mirrors the reasoning of other recent opinions in this District. *See supra* note 2. True, other opinions in this District have interpreted § 1692g(a) differently, but a conflict in interpretation among courts does not amount to unconstitutional vagueness. *United States v. Kernell*, 667 F.3d 746, 754 (6th Cir. 2012); *Adams Outdoor Adver. Ltd. P'ship v. Pa. Dep't of Transp.*, 307 F. Supp. 3d 380, 392 (E.D. Pa. 2018).[5]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. An appropriate Order will follow.

Date:   4/25/19                                        */s/ Anne E. Thompson*
                                                       ANNE E. THOMPSON, U.S.D.J.

---

[5] Today, the Court holds that (1) Defendant's validation notice, which mirrored the statute, was ambiguous; and (2) the statute is not unconstitutionally vague. These two holdings may appear to contradict each other, but they are entirely compatible. The first rests on the generous "least sophisticated debtor" standard, which forbids ambiguities that might appear even for a naïve and unsophisticated consumer. The second rests on the much more discerning void-for-vagueness standard that applies to businesses in specialized industries in the context of civil statutes. The two different standards of review are the source of the two seemingly discordant holdings.