**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| IGOR VEDERNIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC and JOHN DOES 1-25,<br><br>Defendants. | Case No. 3:18-cv-17364 |
|---|---|

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDER DENYING MOTION TO DISMISS FOR IMMEDIATE APPEAL UNDER 28 U.S.C. §1292(b)

Dated: May 21, 2019

**STEIN SAKS, PLLC**

*s/ Yaakov Saks*
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone (201) 282-6500
ysaks@steinsakslegal.com
*Counsel for Plaintiff Igor Vedernikov*

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES ............................................................... ii.**

**I. NATURE AND STAGE OF PROCEEDINGS ................................ 1**

**II. STATEMENT OF FACTS ........................................................ 1**

**III. STANDARD OF REVIEW ..................................................... 2**

**A. MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL – 28 U.S.C. § 1292( b) STANDARD ................................. 2**

**IV. LEGAL ARGUMENT ............................................................. 3**

**A. PLAINTIFF AGREES THAT THE ISSUE PRESENTS A CONTROLLING ISSUE OF LAW ................................... 3**

**B. A SUBSTANTIAL GROUND FOR DIFFERENCES OF OPINION DOES NOT EXIST .......................................... 4**

**C. CERTIFICATION WOULD NOT MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION .................. 7**

**D. EXCEPTIONAL CIRCUMSTANCES DO NOT EXIST ....... 8**

**V. CONCLUSION ........................................................................ 9**

# Table of Authorities

## Cases

*Bachowski v. Usery*,
545 F.2d 3663 (D.N.J. 1976) .................... 3

*Baker v. G.C. Services Corp.*,
677 F.2d 775 (9th Cir. 1982) .................... 6

*Biase v. Nevoso, Pivirotto & Foster, P.A.*,
2010 U.S. Dist. LEXIS 104623 (D.N.J. Sept. 30, 2010) .................... 5

*Borozan v. Fin. Recovery Servs., Inc.*,
2018 U.S. Dist. LEXIS 104691 (D.N.J. June 22, 2018) .................... 6

*Cadillo v. Stoneleigh Recovery Asscs., LLC*,
2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017) .................... 6

*Caprio v. Healthcare Recovery Grp., LLC*,
709 F.3d 142 (3d Cir. 2013) .................... 6

*Christy v. Pa. Tpk. Comm'n*,
912 F.Supp. 148 (E.D. Pa. 1996) .................... 5

*Clomon v. Jackson*,
988 F.2d 1314 (2d Cir. 1993) .................... 5

*Coopers & Lybrand v. Livesay*,
437 U.S. 463, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978) .................... 3, 4

*Firestone Tire & Rubber Co. v. Risjord*,
449 U.S. 368, 101 S. Ct. 669 .................... 2

*Gammon v. GC Servs. Ltd. P'ship*,
27 F.3d 1254 (7th Cir. 1994) .................... 6

*Graziano v. Harrison*,
950 F.2d 107 (3d Cir. 1991) .................... 5

*Harter v. GAF Corp.*,
150 F.R.D. 502 (D.N.J. 1993) .................... 3

*Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*,
292 F. Supp. 3d 629 (E.D Pa. 2017) .................... 7

*Hulmes v. Honda Motor Co., Ltd.*,
936 F. Supp. 195 (D.N.J. 1996) .................... 4

*Johnson v. Alldredge*,
488 F.2d 820 (3d Cir. 1973) .................... 7

*Johnson v. Burken*,
930 F.2d 1202 (7th Cir. 1991) .................... 4

*Kapossy v. McGraw-Hill, Inc.*,
942 F. Supp. 996 (D.N.J. 1996) .......... 4

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) .......... 3

*LeBlanc v. Unifund CCR Partners*,
601 F.3d 1185 (11th Cir. 2010) .......... 6

*Levine v. United Healthcare Corp.*,
285 F. Supp. 2d 552 (D.N.J. 2003) .......... 3

*Max Daetwyler Corp. v. Meyer*,
575 F. Supp. 280 (E.D. Pa. 1983) .......... 3

*McMurray v. ProCollect, Inc.*,
687 F.3d 665 (5th Cir. 2012) .......... 5-6

*Mohawk Indus. v. Carpenter*,
558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (1978) .......... 2

*P. Schoenfeld Asset Mgmt.*,
161 F. Supp. 2d 355 (D.N.J. 2001) .......... 4

*Peters v. Gen. Serv. Bureau, Inc.*,
277 F.3d 1051 (8th Cir. 2002) .......... 6

*Pollard v. Law Office of Mandy L. Spaulding*,
766 F.3d 98 (1st Cir. 2014) .......... 5

*Robinson v. Northland Grp., Inc.*,
2018 U.S. Dist. LEXIS 119518 (D.N.J. July 18, 2018) .......... 5

*Singh v. Daimler-Benz AG*,
9 F.3d 202 (3d Cir. 1993) .......... 8

*Singh v. Daimler-Benz, AG*,
800 F. Supp. 260 (E.D. Pa. 1992) .......... 4

*Smith v. Transworld Systems, Inc.*,
953 F.2d 1025 (6th Cir. 1992) .......... 6

*Truong v. Kartzman*,
2007 U.S. Dist. LEXIS 45451 (D.N.J. Jun. 22, 2007) .......... 5

*United States Fid. & Guar. Co. v. Thomas Solvent Co.*,
683 F.Supp. 1139 (W.D. Mich. 1988) .......... 7

*United States v. Nat'l Fin. Servs.*,
98 F.3d 131 (4th Cir. 1996) .......... 5

*Wilson v. Quadramed Corp.*,
225 F.3d 350 (3d Cir. 2000) .......... 5

**Statutes**

15 U.S.C. § 1692 .......... 1
15 U.S.C. §1692e .......... 2
15 U.S.C. § 1692g .......... 2
28 U.S.C. § 1292 .......... 1, 2, 3, 4, 6, 7 9

**Rules**

Fed. R. Civ. P. 12 .......... 2

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Igor Vedernikov ("Mr. Vedernikov" or "Plaintiff"), filed the Complaint on December 18, 2018 (ECF Doc. No. 1). On January 9, 2019, Defendant Mercantile Adjustment Bureau, LLC ("Defendant") filed its Motion to Dismiss the Complaint for failure to state a claim, in addition to a Notice of Constitutional Challenge to a Statute (ECF Doc. Nos. 4, 6). On April 25, 2019, this Court issued an Order denying Defendant's Motion to Dismiss (ECF Doc. No. 21). On April 30, 2019, Defendant filed its Motion to Certify Order Denying Motion to Dismiss for Immediate Appeal Under 28 U.S.C. § 1292(b) (ECF Doc. No. 22). Plaintiff submits this Memorandum of Law in opposition to Defendant's Motion to Certify Order Denying Motion to Dismiss for Immediate Appeal Under 28 U.S.C. § 1292(b). As set forth herein, Defendant fails to satisfy the elements necessary to be granted an interlocutory appeal of the present action and Defendant's Motion should be denied.

Plaintiff acknowledges that his Response to the within was due on or before May 20, 2019. Plaintiff has conferred with counsel for Defendant who has consented to a one-week extension for Plaintiff to respond to the present Motion. Plaintiff has agreed that Defendant will have a week from his filing of the within opposition to file its corresponding reply.

## II. STATEMENT OF FACTS

On December 18, 2018, Mr. Vedernikov filed a putative class action complaint (the "Complaint") (ECF Doc. No. 1) against Defendant, setting forth two counts arising out of Defendant's abusive, deceptive, misleading, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA").

Defendant's violations stem from an initial collection letter dated May 7, 2018 which it sent to Mr. Vedernikov (the "Letter"). Defendant's Letter fails to include all of the requirements of an initial dunning letter as set forth in 15 U.S.C. § 1692g (the "G-Notice") and as required in the Third Circuit. Specifically, the first sentence of the Letter's G-Notice fails to state that the consumer must dispute the validity of the debt "in writing" for the dispute to be valid, triggering the debt collector's obligations to provide the information required under the remaining provisions of §1692g(a) and (b). Additionally, the second and third sentences of Defendant's G-Notice, which contain the conditional statement "if you notify this office in writing," falsely suggest that it is optional for the consumer to dispute the debt in writing when in fact, it is required. As such, Defendant's Letter also violated 15 U.S.C. §1692e(10).

On January 9, 2019, Defendant filed it Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, further, asserted a constitutional challenge for vagueness as to Section 1692g of the FDCPA (ECF Doc. Nos. 4, 6). On April 25, 2019, this Court denied Defendant's Motion to Dismiss in its entirety (ECF Doc. No. 21) finding that Mr. Vedernikov's complaint stated a claim for violations of both §§ 1692g and 1692e of the FDCPA.

## III. STANDARD OF REVIEW

### A. MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL – 28 U.S.C. § 1292(b) STANDARD

Interlocutory appeals are generally disfavored because "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106, 130 S. Ct. 599, 175 L. Ed. 2d 458 (1978) (quoting *Firestone Tire & Rubber co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L. 3d. 2d 571 (1981)). Despite this disinclination, a district court may certify an order to the court of appeals for

interlocutory review under 28 U.S.C. § 1292(b) when the district judge believes that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In determining whether certification is appropriate, the district court must individually consider the three elements: (1) whether the order involves a controlling issue of law, which, if erroneously decided, would result in reversible error upon final appeal; (2) whether substantial grounds for a difference of opinion exist regarding the resolution of the case; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir. 1974); *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556-57 (D.N.J. 2003). Additionally, the granting of an interlocutory appeal requires “exceptional circumstances.” *Levine*, at 556. Importantly, it is within the district court’s discretion to deny interlocutory review even if each factor is satisfied. *See Harter v. GAF Corp.*, 150 F.R.D. 502, 517 (D.N.J. 1993)(*citing Bachowski v. Usery*, 545 F.2d 3663, 368 (D.N.J. 1976)). The “court must remember that certification is generally not to be granted” or granted sparingly. *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978).

Plaintiff submits that the Court should deny Defendant’s request to certify the April 25, 2019 Order denying the Motion to Dismiss due to Defendant’s failure to meet its burden. Put simply, the requisite exceptional circumstances do not exist in this case.

## IV. LEGAL ARGUMENT

### A. PLAINTIFF CONCURS THAT THE ISSUE PRESENTS A CONTROLLING ISSUE OF LAW.

The Third Circuit has held that a "controlling question of law" must "encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, at 755. Further, "controlling" means "serious to the conduct of the litigation, either practically or legally." *Id*. The Seventh Circuit has interpreted this to mean that resolution of the issue could determine the outcome or future course of the litigation. *See Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). "The key consideration is not whether the order involves the exercise of discretion, but whether it truly implicates the policies favoring interlocutory appeal." *Katz*, at 756.

Plaintiff does not dispute that the issue here is the controlling issue of law. Plaintiff concedes that the order would be reversible on final appeal if it were indeed, in error. Rather, Plaintiff contends that Defendant's motion fails on other grounds.

**B. A SUBSTANTIAL GROUND FOR DIFFERENCES OF OPINION DOES NOT EXIST.**

Defendant, however, cannot satisfy the second element of § 1292(b). First, Defendant's memorandum fails to articulate the standard for a finding of substantial ground for a difference of opinion. The fact that the disposition of an order is adverse to a party's position does not mean that it presents a 'substantial ground for difference of opinion' that requires certification of an order. *Harter*, at 518. Instead, grounds for a difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (emphasis added); *see also P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001); *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 207 (D.N.J. 1996). Courts have refused to certify previously undecided issues of law where they found the statutory language to be clear, even in the face of a squarely contradictory ruling on the same issue from another district court. *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260 (E.D. Pa. 1992) (superseded by statute on other grounds).

In the present case, it is undisputed that the "least sophisticated consumer" is the clear, applicable standard used in the Third Circuit to assess a claim that a debt collector has used misleading collection tactics. *See Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000); *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). The Court correctly applied this standard of law in its denial of Defendant's motion to dismiss. Court's Order Denying Defendant's Motion to Dismiss ("Order Denying MTD"), p. 2 (ECF Doc. No. 19). Moreover, none of the cases cited by Defendant apply a different standard from that applied by the Court. However, the mere fact that district courts differ in their application of the law to a particular set of facts does not give rise to the circumstances required to justify an interlocutory appeal. *See Christy v. Pa. Tpk. Comm'n*, 912 F.Supp. 148, 148-49 (E.D. Pa. 1996); *Truong v. Kartzman*, 2007 U.S. Dist. LEXIS 45451, at *3 (D.N.J. Jun. 22, 2007); *Biase v. Nevoso, Pivirotto & Foster, P.A.*, 2010 U.S. Dist. LEXIS 104623, at *12 (D.N.J. Sept. 30, 2010). In the Third Circuit, the determination of whether the language in a letter is a solicitation to orally dispute a debt is a fact-specific inquiry. *See Robinson v. Northland Grp., Inc.*, 2018 U.S. Dist. LEXIS 119518 (D.N.J. July 18, 2018). Thus, although Defendant cites several cases that purportedly have contrary holdings, this in and of itself does not fulfill this element of the analysis.

Although Defendant contends that a substantial difference of opinion exists in other circuits, the standard used by other circuits is substantially the same. Defendant's argument against *Graziano* does not address a different standard; rather it addresses a disagreement over statutory interpretation. In fact, almost every circuit uses either a "least sophisticated consumer" or an "unsophisticated consumer" standard. *See, e.g., Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st Cir. 2014); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996); *McMurray v. ProCollect, Inc.*, 687 F.3d 665,

669 (5th Cir. 2012); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010). As such, Defendant's argument does not present adequate grounds for purposes of § 1292(b). Further, even if there was an inter-circuit split, it would not be decided at the Third Circuit, which is where the present case would be heard. Notably, the Third Circuit has recently affirmed the holding in *Graziano*. *See Caprio v. Healthcare Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013). Defendant's failure to demonstrate substantial grounds for differences of opinion as to the standard in the Third Circuit warrants denial of Defendant's motion.

Assuming, *arguendo*, that different outcomes would present a substantial ground for a difference of opinion because none of the cases cited by Defendant present the same exact issue. Thus, even if Plaintiff were to concede the issue of disparate holdings, the Court must recognize that each holding is based upon different facts. For example, in *Borozan v. Fin. Recovery Servs., Inc.*, 2018 U.S. Dist. LEXIS 104691 (D.N.J. June 22, 2018), the Plaintiff argued that the debt collector was required to explicitly inform the consumer that he must dispute the debt in writing. *Id.* at *10. In contrast, Plaintiff here (similar to the plaintiff in *Cadillo v. Stoneleigh Recovery Asscs., LLC*, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017)) argues that the current language fails to effectively convey that the requirement that a consumer must dispute a debt in writing. Plaintiff here does not argue that the letter must be explicit, but contends that Defendant failed to "effectively convey" the consumer's rights, a lower standard.

Finally, Defendant only rehashes its Motion to Dismiss argument by contesting that "mirroring" the statutory language is sufficient and that it creates substantial grounds for a

difference of opinions. As stated repeatedly by multiple courts, including this Court, "merely tracking the statutory language is insufficient to effectively convey the debtor's rights." Order *Wilson*, at 354; *Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, 292 F. Supp. 3d 629, 633 (E.D Pa. 2017) ("The division in the courts demonstrates why merely mirroring the language of subsection (a)(3) does not effectively communicate that a dispute must be in writing.").

> It is true that the validation notice closely tracks the statutory language of §1692g(a). Unfortunately for Defendant, however, the statutory language is subject to conflicting interpretations. A validation notice that copies the statutory language, therefore, will likewise be subject to conflicting interpretations and will fail to apprise the least sophisticated debtor of her rights. *Homer*, 292 F.Supp. 3d at 633 ("If courts reading the statutory language interpret it differently, how could the least sophisticated consumer not[?]").

Order on MTD, p. 6. (citations omitted). Defendant's disagreement with the Court's Order is simply not enough to meet its burden.

Defendant's motion for certification must fail because there is no genuine doubt as to the correct legal standard. The cases cited by Defendant were decided on different facts and do not involve the same exact issue as the present case and *Cadillo*. Accordingly, Defendant's motion does not meet the second element of § 1292(b).

**C. CERTIFICATION WOULD NOT MATERIALLY ADVANCE THE TERMINATION OF THIS LITIGATION.**

Defendant's final argument also fails to meet the burden under § 1292(b). Interlocutory review constitutes material advancement of litigation if it would serve to avoid "requiring the parties first to participate in a trial that may be unnecessary." *Johnson v. Alldredge*, 488 F.2d 820, 823 (3d Cir. 1973). Additionally, an appeal is appropriate where resolution of controlling questions could shorten the time, effort, and expense of litigation. *See United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 683 F.Supp. 1139, 1176 (W.D. Mich. 1988).

Essentially, Defendant argues that if it wins the argument after a lengthy appellate review, then the case would be concluded and trial avoided. However, this does nothing but prolong the current case, based on the mere possibility that the Third Circuit would reverse. Compare this to the *Singh* decision, which explains that an appeal would only materially advance the ultimate termination of the litigation "if the Third Circuit concludes that this court does not have jurisdiction over this case, [but] if the Third Circuit finds that the court does in fact have jurisdiction, the litigation will not be advanced, but will instead . . . be considerably delayed." *Singh*, at 263. In *Singh*, Judge Newcomer was ultimately vindicated in his concern of delay because the Third Circuit upheld the final judgment. *See Singh v. Daimler-Benz AG*, 9 F.3d 202 (3d Cir. 1993). Similarly, with only a chance of terminating the litigation, a lengthy appeal might require more time, effort, and expense than proceeding in this case because the main issue has already been decided. Therefore, Defendant has failed to meet its burden under this third element.

**D. EXCEPTIONAL CIRCUMSTANCES DO NOT EXIST.**

Finally, even if Defendant has met the burden on the three elements above, Defendant's motion should still be denied because exceptional circumstances do not exist in this case. As stated above, simply meeting the burden of the threshold elements is not sufficient. Exceptional circumstances must also exist to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. at 475. Defendant has failed to demonstrate exceptional circumstances, and in fact, cannot demonstrate any. This case is one of many hundreds of similar suits that attempt to interpret the language of a debt collection letter through the lens of the least sophisticated consumer. Accordingly, Defendant's motion should therefore be denied because exceptional circumstances do not exist.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Certify its Order Denying Defendant's Motion to Dismiss for interlocutory review pursuant to 28 U.S.C. § 1292(b). Defendant has failed to meet the elements required under the statute and has also failed to demonstrate that exceptional circumstances exist.

Dated: May 21, 2019

Respectfully Submitted,

**STEIN SAKS, PLLC**

*s/ Yaakov Saks*
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone (201) 282-6500
ysaks@steinsakslegal.com
*Counsel for Plaintiff Igor Vedernikov*

**Certification of Service**

I hereby certify that a copy of the foregoing and any attachments hereto were sent via CM/ECF to the following counsel of record on this 21st day of May, 2019.

Andrew J. Blady, Esq.
**Sessions, Fishman, Nathan & Israel**
3682 Green Ridge Road
Furlong, PA 18925

*s/ Yaakov Saks*
Yaakov Saks, Esq.